16476

ANDREWS *ET AL.* v. HOME REFORM SOC. *ET AL.*

(64 S. E. (2d) 17)

*Mr. W. T. McGowan,* of Timmonsville, *for Appellants,*

*Messrs. R. Kirk McLeod and McLeod & Shore,* of Sumter, *for Respondents,*

March 13, 1951.

STUKES, Justice.

This is a proceeding to establish and enforce an alleged mechanic's lien of $656.42 by materialmen against the lodge hall of Home Reform Society, a corporation, of the town of Lynchburg, which is now respondent. The priority of a recorded mortgage to the bank defendant is admitted. Plaintiffs constitute a partnership which will be referred to as appellant, which it is here.

Respondent entered into a written agreement with one Eugene Pompey, contractor, who thereby undertook to construct the hall according to stated specifications for the

sum of $4,500.00 for a turn-key job. The instrument was rather poorly drawn but its intent is clear and under it Pompey was undoubtedly an independent contractor, as concurrently found by the master and court below. The gist of appellant's contention is that the contract was, instead, one of agency and is based upon the following parenthetical provision of the contract: "The said Eugene Pompey is to buy all materials to be used in said building, and when placed on the ground the said parties of the second part are to pay for same upon receipt of the bills, after checking same as the work progresses." And further also upon the following subsequent provision: "In consideration whereof the said parties of the second part (respondent) agrees to pay the party of the first part (Pompey) the sum of Four Thousand, Five Hundred ($4,500.00) Dollars, including all materials bought and paid for, and it is expressly understood that any materials left over shall be and remain the property of the said parties of the second part."

Other provisions, taken with the foregoing indicate that respondent's payment of the invoice value of the materials as delivered was for credit upon its obligation to Pompey under the contract and that was the practical construction by the parties, as disclosed by the evidence. There were no unused materials left after completion of the building.

Appellant did business in another nearby town and delivered the materials by truck to the building site upon Pompey's orders for which invoices were given to Pompey which were headed "Home Reform Society by Eugene Pompey". The invoices were not delivered to respondent or anyone in its behalf. Pompey submitted bills to respondent as the work progressed merely by entries on a writing tablet, so much for materials and so much for labor. Respondent issued its bank checks accordingly to Pompey who cashed them and made payments on the material account in currency to appellant. The aggregate amount of the paid checks which were introduced in evidence was $4,551.66, which exceeded the obligation of respondent under the contract.

Respondent had no contract right of control over Pompey as to where he bought his materials and attempted to exercise none. There was no transaction between appellant and respondent during the progress of the work except on a single occasion when an officer of respondent rejected a delivery of lumber which was not up to the grade specified in its contract with Pompey. This is of no significance as is seen by reference to *Metz v. Critcher*, 83 S. C. 396, 65 S. E. 394, with which the present case is practically parallel in that particular.

From the foregoing it is seen that there was no semblance of compliance with section 8729 of the Code of 1942 which is as follows: "Whenever work is done or material is furnished for the improvement of real estate upon the employment of a contractor or some other person than the owner and such laborer or mechanic, contractor or materialman shall in writing notify the owner of the furnishing of such labor or material and the amount or value thereof, then and in that event the lien given by the foregoing section shall attach upon the real estate improved as against the true owner for the amount of the work done or material furnished: provided, that in no event shall the aggregate amount of liens set up hereby exceed the amount due by the owner on contract price of the improvement made."

Appellant's failure to give the written notice authorized by the statute is fatal to its claim, under the other facts which have been recited.

The issues of fact and law were referred to the Master who took the testimony and made his report, whereby he found that appellant had failed to sustain its claim. Exceptions were argued before the circuit court which overruled them and confirmed the report of the Master in a well considered order. Exceptions on appeal to this court continue the contention that Pompey was respondent's agent rather than a contractor, but it is not borne out by the evidence, which

has been referred to sufficiently to show the untenable nature of appellant's position.

. The exceptions have been carefully considered and are found to be without merit. They have all been disposed of adversely to appellant by what has been said and need not be separately or further discussed.

Affirmed.

FISHBURNE, TAYLOR and OXNER, JJ., and L. D. LIDE, A. A. J., concur.